UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN WAYNE ZIBOLSKY,

                Plaintiff,

v.                                      Case No. 17-cv-1090-pp

NURSE WILL,
NURSE KRYSTAL,
NURSE ERIN,
NURSE PARKER,
NURSE MEGAN, and
WINNEBAGO COUNTY,

                Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), GRANTING HIS MOTION TO ADD DEFENDANTS (DKT. NO. 10) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

---

While he was incarcerated at the Wisconsin Resource Center, the plaintiff—representing himself—filed a complaint, alleging that the defendants violated his constitutional right to be free from cruel and unusual punishment when they were deliberately indifferent to his serious medical needs. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee, dkt. no. 2, and a motion to add defendants, dkt. no. 10. This decision will screen the complaint and resolve the plaintiff's motions.

I.    <u>Motion for Leave to Proceed without Prepayment of the Filing Fee</u>

The Prison Litigation Reform Act (PLRA) applies to this case, because the plaintiff was incarcerated when he filed his complaint.[1] 28 U.S.C. §1915. The PLRA authorizes a court to allow an incarcerated plaintiff to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b).

On August 8, 2017, U.S. Magistrate Judge William Duffin (who was assigned to the case at that time) ordered that by August 30, 2017, the plaintiff had to pay an initial partial filing fee of $1.43. Dkt. No. 5. The court received the filing fee on August 24, 2017. The court will grant the plaintiff's motion to proceed without prepayment of the filing fee. The court will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

II.    Screening the Plaintiff's Complaint

The PLRA requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,

---
[1] The defendant was released to extended supervision on December 19, 2017. See https://apsdooc.wi.gov/lop/detaai.do.

678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

A.   *The Plaintiff's Allegations*

The plaintiff explains that he suffers from degenerative joint disc disease, and that he has been on pain medication and in physical therapy since the 1990's. Dkt. No. 1 at 2. While his medication had been on a "prn" (shorthand for the Latin phrase *pro re nata*, which means "when necessary" or "as needed") basis, the plaintiff asserts that he requested the doctor (who is not a defendant) to change his "yellow pain pill" to a regularly scheduled basis. Id. at 3. According to the plaintiff, the doctor complied and ordered that he take the pill twice daily, rather than only when he needed it. Id.

The plaintiff alleges that, during the second week of June 2017, Nurse Parker and Nurse Megan[2] failed to give him his medication at the regular medication pass. Id. The plaintiff states that both nurses said they "forgot" the medication. Id. The plaintiff explains he waited all day but never received his prescription medication, which caused him "extreme mental and emotional distress via pain and suffering." Id.

The plaintiff also alleges that on June 22, 2017, defendant Nurse Erin did not give him his yellow pain pill; when he asked her about it, she stated that she was told (it is unclear by whom) not to bring it. Id. at 4.

B. *The Court's Analysis*

1. Defendants Will, Krystal and Winnebago County

The court will dismiss as defendants Nurse Will, Nurse Krystal and Winnebago County. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996). There is no supervisory liability, collective liability or vicarious liability under 42 U.S.C. §1983. See Pacelli v. deVito, 972 F.2d 871, 877 (7th Cir. 1992). In other words, Nurses Will and Krystal cannot be held liable just because they work in health services, nor can Winnebago County be held liable just because it is the county where the

---

[2] In his complaint, the plaintiff refers to these defendants as Jane Does; however, on August 25, 2017, the plaintiff filed a motion identifying the Jane Does as Nurses Parker and Megan. Dkt. No. 10. The court will grant the plaintiff's motion to substitute the real names of the defendants for the Jane Doe placeholders.

4

Wisconsin Resource Center is located. To hold a particular person (or government entity) liable under §1983, a plaintiff must demonstrate that that person or entity was personally involved in the alleged violation of the plaintiff's rights. Although the plaintiff names these three as defendants in the caption of his complaint, he does not explain anywhere what they did to violate his constitutional rights. The complaint does not state claims against Will, Krystal and Winnebago County.

        2.     Defendants Nurse Erin, Nurse Parker and Nurse Megan

Prison officials violate the Eighth Amendment when they know of a substantial risk of serious harm to inmate health or safety and they either act or fail to act in disregard of that risk. Farmer v. Brennan, 511 U.S. 825, 832 (1994); Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011). The plaintiff alleges that, despite the fact that the doctor ordered him to get his yellow pill two times a day, each of the three nurses—Nurse Erin, Nurse Parker and Nurse Megan—did not give him the pill.

The court will allow the plaintiff to proceed on a deliberate indifference claim against Nurses Erin, Parker and Megan, based on the plaintiff's allegations that they refused to provide him with his prescribed pain medication and that this caused him pain and suffering. The court notes, however, that, "[d]eliberate indifference 'is more than negligence and approaches intentional wrongdoing.'" Arnett v. Webster, 658 F.3d 742, 759 (quoting Collignon v. Milwaukee Cnty., 163 F.3d 982, 988 (7th Cir. 1998)). It is not medical malpractice; "the Eighth Amendment does not codify common law

5

torts." Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008) (citation omitted). Based on documents the plaintiff filed with the court, it appears possible that the nursing staff may not have been aware that the doctor revised the plaintiff's prescription from "prn" to regularly scheduled. See Dkt. No. 6. Based on the plaintiff's own allegations, it appears possible that even if the nursing staff was aware of the change, two of the nurses may have forgotten to give him his pill on one occasion each, and one of them may have been told by someone else not to bring him the pill on one occasion. If it turns out that these defendants did not know of the plaintiff's prescription change, or if they just forgot, or if they were acting on someone else's orders, they may not be liable for Eighth Amendment deliberate indifference claims. If each of them failed to give the plaintiff a pill on only one occasion (rather than on repeated occasions), they may not be liable on a deliberate indifference claim. At this point in the case, the court concludes only that the plaintiff has alleged sufficient minimum facts for the court to allow him to proceed to the next step in litigation.

III.     Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **GRANTS** the plaintiff's motion to add defendants. Dkt. No. 10. The court **DIRECTS** the clerk's office to substitute Nurse Parker and Nurse Megan for the Jane Doe placeholders.

The court **DISMISSES** defendants Will, Krystal and Winnebago County.

6

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** the clerk's office to electronically send copies of the plaintiff's complaint and this order to the Wisconsin Department of Justice for service on defendants Nurse Erin, Nurse Parker and Nurse Megan.

Under the informal service agreement between the Wisconsin Department of Justice and this court, the court **ORDERS** defendants Nurse Erin, Nurse Parker and Nurse Megan to file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court **ORDERS** that the plaintiff shall pay the $348.57 balance of the filing fee as soon as he is able. The plaintiff shall clearly identify the payments by the case name and number.

The court further **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

The court further **ORDERS** that the plaintiff shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

The court further advises the plaintiff that failure to timely file pleadings or comply with the court's orders may result in the court dismissing the case for failure to prosecute. The parties must notify the clerk of court of any change

of address (the court notes that the plaintiff has not yet notified the court—at least, in this case—that he was released; the court found that out by looking at the Department of Corrections' Inmate Locator web site). Failure to do so could result in orders or other information not being timely delivered, which could affect the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 2nd day of February, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**