UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN WAYNE ZIBOLSKY,

                  Plaintiff,

v.                                                  Case No. 17-cv-1090-pp

ERIN BROOKINS, *et al.*,

                  Defendants.

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DISMISSING CASE (DKT. NO. 19)**

       The plaintiff, who is representing himself, filed a complaint under 42 U.S.C. §1983. Dkt. No. 1. The court allowed him to proceed on an Eighth Amendment deliberate indifference claim based on his allegations that the defendants refused to give him prescribed pain medication for his degenerative joint condition. Dkt. No. 16. The defendants filed a motion for summary judgment, arguing that the plaintiff had not exhausted his administrative remedies before filing in federal court. Dkt. No. 20. The plaintiff responded to the motion, dkt. no. 25; the defendants did not file a reply in support of their motion. The court will grant the motion.

       The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint (he was released after filing the suit, but later was arrested; he currently is incarcerated awaiting resolutions of charges in Manitowoc County). According to the PLRA, "No action

shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). Important policy goals give rise to the rule requiring administrative exhaustion, including restricting frivolous claims, giving prison officials the opportunity to address situations internally, giving the parties the opportunity to develop the factual record and reducing the scope of litigation. Smith v. Zachary, 255 F.3d 446, 450-51 (7th Cir. 2001).

Wisconsin provides the Inmate Complaint Review System (ICRS) as the main administrative remedy for inmates. Dkt. No. 20 at 5. The first step under the ICRS requires an inmate to submit a complaint to the Inmate Complaint Examiner (ICE) within fourteen days after the event or events about which the inmate is complaining. Id. (citing Wis. Admin. Code §DOC 310.09). The defendants assert that the plaintiff did not complete this first step: he did not submit any inmate complaints about the alleged events giving rise to the claims in the complaint. Id. at 6. The defendants emphasize that an inmate's failure to complete *any* step in the exhaustion process prior to initiating a federal case requires the federal court to dismiss the §1983 case. Perez v. Wis. Dept. of Corrs., 182 F.3d 532, 535 (7th Cir. 1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits.").

The plaintiff does not dispute the defendants' assertion that he did not submit an inmate complaint about the alleged events giving rise to his claim. He reiterates what he said in his complaint—that he filed Health Services requests. Dkt. No. 25 at 1. The plaintiff appears to believe that, because he submitted requests to the Health Services unit about the defendants' failure to give him the medication, he exhausted his administrative remedies. The plaintiff is correct that he alleged in his complaint that he made HSU requests. He is not correct, however, that making HSU requests is enough for an inmate to exhaust his administrative remedies. Health Service Unit staff members review HSU requests; Inmate Complaint Examiners do not. If an inmate does not notify an *ICE* about his complaint—particularly if the complaint is about the HSU staff—prison officials don't have the opportunity to address any problems themselves. That is the main purpose of the exhaustion requirement—requiring inmates to complain to prison officials first gives the prison the opportunity to correct the situation without having to go to court. That is why the law requiring exhaustion mandates that inmates strictly comply with all deadlines and procedural rules for filing inmate complaints. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). The plaintiff did not comply with those deadlines and rules. He did not give prison officials notice that the defendants had not given him his pills. He did not give them notice that he had been suffering as a result of the failure to give him his pills. He did not give prison officials the opportunity to address the problem. He cannot come to this

3

court two months after the alleged events, and ask this court to hold prison staff liable for something he did not give them the opportunity to address.

The court concludes that the plaintiff failed to exhaust his available administrative remedies before he filed this federal case. The court may not consider the merits of the plaintiff's complaint, and it must dismiss the case.

Finally, the court notes that in the plaintiff's letter response to the defendants' motion for summary judgment, filed almost a year after he filed his complaint, he made new allegations. Dkt. No. 24. He indicated that he was threatened by members of the staff at the Wisconsin Resource Center, and asked for a telephone conference to discuss "federal protection." Id. at 2. In his brief in opposition to the summary judgment motion, also filed a year after his complaint, he made still other new allegations. Dkt. No. 25. He explained that he was arrested on May 2, 2018, and at that time was housed at the Brown County Jail. Id. at 3. He alleges that his Fourteenth Amendment due process rights were violated during the process of revoking his supervision/parole. Id. He asserts that he is being held against his will, and he asks the court to "produce a writ of release A.S.A.P." due to the violation of his constitutional rights. Id. at 6. He also asked the court to dismiss Case No. 2001CF00495, State v. Zibolsky (Brown County) and Case No. 2012CF000163, State v. Zibolsky (Brown County) with prejudice. (The court assumes that these two cases may be the cases in which the plaintiff's parole was revoked; there are

competency proceedings pending in both cases. https://wcca.wicourts.gov, last visited November 18, 2019).

The court is dismissing this case. Even if it were not dismissing the case, it would not allow the plaintiff to proceed on these allegations.

First, these allegations are not related to the claims the plaintiff made in his complaint—the claims about the defendants refusing to give him his medication. Under Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" in order to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George, 507 F.3d at 607. Joining multiple defendants into one case is allowed only if the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

If the plaintiff wants to sue someone because he believes he was mistreated at the Wisconsin Resource Center, he can file a new complaint telling the court what happened—who threatened him, how, when and—if he knows—why, and explaining to the court how the defendants' actions violated his civil rights. If, once the revocation proceedings in state court are over, he wants to file a case alleging that someone violated his due process rights

during that process, he can file a separate case and explain who violated his due process rights and how. If the plaintiff is incarcerated when he files any new cases, the PLRA will apply to his case. The PLRA requires inmates to pay the filing fee for every civil case they file (it allows them to pay the fee over time if they are unable to pay the whole fee up front), and it requires courts to screen inmate complaints to ensure they are not frivolous or malicious and that they state a claim upon which the court may grant relief. 28 U.S.C. §§1915, 1915A.

### III. CONCLUSION

The court **GRANTS** the defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 20.

The court **DISMISSES** this case **without prejudice** and will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under

Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin, this 19th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**