UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN WAYNE ZIBOLSKY,

                  Plaintiff,

v.                                                  Case No. 17-cv-1090-pp

ERIN BROOKINS, *et al.*,

                  Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT NO. 28)**

On November 19, 2018, the court granted the defendants' motion for summary judgment based on the plaintiff's failure to exhaust the available administrative remedies. Dkt. No. 26. The court dismissed the case and entered judgment. Dkt. Nos. 26, 27. Less than a month later, the court received from the plaintiff this motion for reconsideration. Dkt. No. 28.

Although the plaintiff does not cite a rule in support of his motion for reconsideration, there are two rules that allow courts to re-visit previous decisions. Federal Rule of Civil Procedure 59(e) says that within twenty-eight days of the entry of the judgment, a party may file a motion to alter or amend that judgment. Rule 60(b) allows a court to grant relief from a final judgment for a specific set of reasons, within a "reasonable time" after entry of judgment.

The plaintiff filed his motion seventeen days after the court entered judgment, so it was timely under Rule 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of

1

law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not refer to any evidence that he has discovered since the court entered judgment. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metropolitan Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

The motion to reconsider does not say anything about the court's conclusion that the plaintiff failed to exhaust the available administrative remedies before he filed his lawsuit. Instead, he argues that his complaint stated a claim. The court agrees that the allegations in the complaint were sufficient to state a claim, see dkt. no. 16; that is not why the court dismissed the lawsuit. The court dismissed the lawsuit because the plaintiff did not exhaust the available administrative remedies before he filed the lawsuit. The court explained its reasoning in detail in its November 19, 2018 order, so it will not repeat that analysis here. The plaintiff's motion has not identified a

2

manifest error of law, so the court will deny his motion to the extent that it is a motion to alter or amend the judgment under Rule 59(e).

Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud . . . , misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Section 60(b)(1) allows a court to remedy its own mistakes. Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013). The plaintiff's motion does not demonstrate that the court made a mistake. It does not address the basis for the court's decision—the fact that the plaintiff did not exhaust his administrative remedies before he filed a case in federal court. The plaintiff has not presented newly discovered evidence, so Rule 60(b)(2) does not afford him relief. He does not allege that the defendants obtained the judgment by fraud, misrepresentation or misconduct, so he is not entitled to relief under Rule 60(b)(3). The judgment is not void, nor has it been satisfied, so subsections (b)(4) and (b)(5) are not applicable. Finally, relief under subsection (b)(6), the any other reason "catch-all category" is limited to "extraordinary circumstances . . . ." Id. at 657 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S.

3

847, 863-64 (1988)). The plaintiff has not described such extraordinary circumstances.

The court will deny the plaintiff's motion for reconsideration to the extent that it is a motion for relief from judgment under Rule 60(b).

The court **DENIES** the plaintiff's motion for reconsideration. Dkt. No. 28.

Dated in Milwaukee, Wisconsin, this 24th day of January, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**